UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
**XHEVAHIRE SEJDIU,**  Civil Action No.: 1:22-cv-702

                              **Plaintiff,**

                                                                                  **COMPLAINT &**

    -against-                                                         **JURY TRIAL DEMAND**

**TURKISH AIRLINES, INC.,**

                              **Defendant.**
----------------------------------------------------------------------------X

The plaintiff, XHEVAHIRE SEJDIU, by her attorney, MICHAEL J. GAFFNEY, ESQ., as and for her Complaint against defendant, TURKISH AIRLINES, INC., alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as plaintiff resides within this judicial district, the defendant, TURKISH AIRLINES, INC., (hereinafter TURKISH) has offices and transacts business in the Eastern District of New York and that the flight in question upon which the instate cause of action arose was traveling to JFK Airport located within the judicial boundaries of the Eastern District of New York.

3. Plaintiff currently resides in Staten Island, New York.

4. Defendant, TURKISH, is a foreign corporation authorized to do business in the State of New York.

5. At the time of the events complained of herein, defendant, TURKISH, was a common carrier engaged in the business of transporting passengers for hire by air.

6. In furtherance of said business, defendant, TURKISH, operates regularly scheduled commercial airline flights to and from the City and State of New York.

7. On or about March 9, 2019, defendant operated and controlled a certain jet aircraft designated as flight TK1 from Istanbul Turkey, airport code (IST) to John F. Kennedy International Airport in New York, airport code (JFK) ("the subject flight").

8. Said aircraft was a Boeing 777 ("the subject aircraft").

9. On or about March 9, 2019, plaintiff, XHEVAHIRE SEJDIU, was a fare-paying passenger lawfully aboard the subject aircraft and subject flight.

10. On or about March 9, 2019, and for some time prior thereto, defendant owned, serviced, maintained, repaired and/or operated the subject aircraft.

11. On or about March 9, 2019, on the subject flight, defendant employed a flight crew.

12. Said flight crew consisted of a pilot in command (PIC) and first officer.

13. Said PIC and first officer were employees, agents and/or servants of defendant, TURKISH, and operating the subject flight within the scope of their employment as such.

14. Said PIC and first officer were responsible for, inter alia, the safe and secure operation of the flight as well as the safety and well-being of the passengers and aircraft.

15. The subject aircraft was equipped with an on-board weather radar system.

16. On or about March 9, 2019, the subject aircraft's on-board weather radar system was in good and proper working order.

17. One of the tasks of the subject aircraft's flight crew was to operate the aforesaid on-board weather radar system in such a manner so as to reduce the risk of the subject aircraft encountering weather systems that could cause turbulence.

18. Flight crews are also responsible for monitoring warnings from other sources of potentially dangerous and disruptive weather systems and unstable air that can occur during flight.

19. Such sources include, but are not limited to, on-air transmissions from other aircraft, air traffic control, weather services and/or airline operations services.

20. On or about March 9, 2019, approximately 40-45 minutes before landing in New York, the subject flight encountered severe in-flight turbulence.

21. Prior to its encounter with severe turbulence, the US National Service's Aviation Weather Center had warned commercial pilots of severe turbulence in or near the airspace over New England.

22. Despite said turbulence, the flight crew of TK1 negligently, carelessly or recklessly did not adjust or change its flight path to successfully avoid encountering said severe turbulence.

23. Said turbulence caused the subject aircraft to move suddenly and violently propelling objects and people into the air.

24. TK1's flight crew failed to warn its passengers and cabin crew members of the impending turbulence and its potential severity.

25. Both the onset and severity of the turbulence encountered by the subject flight was unexpected and unusual.

26. As a result of the aforesaid encounter with turbulence aboard the subject flight, numerous passengers and cabin crew members, including, plaintiff, XHEVAHIRE SEJDIU, were injured.

27. The aforementioned encounter with turbulence and the consequent injuries suffered by plaintiff, XHEVAHIRE SEJDIU, were the result of an accident, or an unexpected or unusual event or occurrence external to the plaintiff, and not from the plaintiff's internal reaction to the normal operation of the aircraft.

28. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, was injured.

29. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, was seriously injured.

30. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, was permanently injured.

31. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, has suffered pain, agony, and mental anguish and in the future will continue to suffer from same.

32. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, suffered economic loss and in the future shall continue to suffer from same.

33. As a result of said accident, plaintiff, XHEVAHIRE SEJDIU, was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

34. As a result of the foregoing, defendant is liable to pay full, fair and reasonable damages to plaintiff pursuant to the Montreal Convention.

35. Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to plaintiff's resultant injuries.

36. Defendant cannot meet its burden of proving that plaintiff's injuries were caused solely by the acts of third parties.

**WHEREFORE**, plaintiff demands judgment against Defendant, TURKISH, in an amount to be determined at trial, together with the interest, costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: Staten Island, New York
January 24, 2022

Yours, etc.,

_____
**MICHAEL J. GAFFNEY, ESQ.**
Attorney for Plaintiff(s)
**XHEVAHIRE SEJDIU**
1164 Victory Boulevard
Staten Island, New York 10301
(718) 815-6400

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF RICHMOND    )

I, **XHEVAHIRE SEJDIU**, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT & JURY TRIAL DEMAND and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matter deponent believes them to be true.

*xhevahire Sejdiu*
**XHEVAHIRE SEJDIU**

Sworn to before me this
24th day of January, 2022

*Jennifer A Mazella*
NOTARY PUBLIC

JENNIFER A. MAZELLA
A Notary Public, State of New York
No. 01MA5019765
Qualified in Richmond County
Commission Expires 11-01-20 25